CLERKS OFFICE
2007 JUL 11   A 9: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------------x
                                                          :
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP,  :
                                                          :     Case No.: _____
                          Plaintiff,                      :
                                                          :
     -against-                                            :
                                                          :
OMID KAMSHAD,                                             :
                                                          :
                          Defendant.                      :
                                                          :
-----------------------------------------------------------------------x

## PETITION FOR *EX PARTE* ATTACHMENT BY
## TRUSTEE PROCESS IN AID OF ARBITRATION

Plaintiff Sheppard, Mullin, Richter & Hampton, LLP ("Sheppard Mullin"), in support of

its Petition for *Ex Parte* Attachment by Trustee Process in Aid of Arbitration relative to

defendant Omid Kamshad, alleges as follows:

### NATURE OF THE ACTION

1.    This action is brought pursuant to the Convention on the Recognition and

Enforcement of Foreign Arbitral Awards of June 10, 1958, to which the U.S. acceded on

September 30, 1970, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, reprinted following 9

U.S.C. § 201 (the "Convention").

2.    The dispute between the parties is governed by four (4) engagement and retainer

agreements: (i) the Securities and Exchange Commission v. Justin M. Scott and Omid Kamshad,

Civ. Action No. 03-12082 (EFH) ("SEC Action") attached as Ex. B to the Declaration of James

J. McGuire, Esq., dated July 10, 2007 ("McGuire Decl.") ("SEC Engagement Agreement"); (ii)

the In re Putnam Investment Management, Inc., Putnam Investment Management, LLC, Omid

Kamshad, and Justin M. Scott, Docket No. E-2003-061 ("Galvin Action") attached as Ex. C. to the McGuire Decl. ("Galvin Engagement Agreement"); (iii) the In re Mutual Funds Investment Litigation, MDL-1586 ("MDL Litigation") attached as Ex. D. to the McGuire Decl. ("MDL Engagement Agreement"); and (iv) the Meyer v. Putnam International Voyager Fund, et al., SUCV2003-05208 ("Meyer Litigation") attached as Ex. E. to the McGuire Decl. ("Meyer Engagement Letter") (collectively the "Engagement Agreements"), executed as of October 25, 2006 by and between Sheppard Mullin and Kamshad.

3.      The Engagement Agreements established an attorney-client relationship between Sheppard Mullin and Kamshad setting forth the scope of Sheppard Mullin's representation with respect to the four actions against Kamshad, Sheppard Mullin's fees and charges, payment of fees by Kamshad's former employer Putnam, the parties' right to termination of representation, a consent to both arbitration and New York law as governing law, and other related matters.

4.      In the Engagement Agreements, Kamshad acknowledged that he would be responsible for Sheppard Mullin's fees and Charges (as defined in the Engagement Agreements) in the event Putnam did not fulfill its advancement obligations.

5.      Defendant has failed to pay an outstanding balance of $2,420,041.20. Consequently, Sheppard Mullin filed a demand for arbitration pursuant to the Engagement Agreements on July 10, 2007 ("Arbitration Demand"). McGuire Decl. Ex. A. Plaintiff has reason to believe that, upon being notified of this arbitration, Kamshad will divert assets held in the State of Massachusetts in order to avoid paying his legal fees. Plaintiff therefore petitions this Court for an Order of Attachment.

## FACTUAL BACKGROUND

### A. Overview

6. The relationship between the parties began when Kamshad sought to retain Sheppard Mullin and James J. McGuire, Esq., a member of the firm, to represent him in connection with (i) the defense of the SEC Action, in the United States District Court for the District of Massachusetts; (ii) the defense of the Galvin Action, an administrative action in the Securities Division of the Office of the Massachusetts Secretary of Commonwealth; (iii) the defense of the MDL Litigation, a multi-district litigation in the United States District Court for the District of Maryland; and (iv) the defense of the Meyer Litigation, the Massachusetts class action companion case to the Maryland MDL case in the Superior Court of the Commonwealth of Massachusetts.[1]

7. As of October 25, 2006, Kamshad retained Sheppard Mullin in each of the four litigations referenced above, and executed the Engagement Agreements setting forth the terms of Sheppard Mullin's engagement. In light of Putnam's obligation to advance Kamshad's legal fees,[2] the Engagement Agreements provided that Putnam would pay Kamshad's legal fees upon receipt of Sheppard Mullin's invoices. In addition, the Engagement Agreements provided that Kamshad would be responsible for said legal fees in the event his former employer did not remit payment.

---

[1] Kamshad had been previously represented by DLA Piper ("DLA") in Boston, Massachusetts. DLA represented Kamshad for over three (3) years in connection with these actions. During this period, Putnam timely advanced fees to DLA for the services it provided to Kamshad. Upon information and belief, Putnam advanced at least $2.5 million to DLA.

[2] Pursuant to the Limited Liability Agreement of Putnam Investment Management, LLC ("Putnam Agreement"), and as required by Delaware law, Putnam agreed to advance Kamshad's legal fees to defend the four actions. McGuire Decl. Ex. F at ¶ 20.

W02-EAST:7GAL1\200034552.1          -3-

8.     Sheppard Mullin was brought into the SEC Action to act as trial counsel for defendant Kamshad. Sheppard Mullin's work for Kamshad in the SEC Action focused on (i) drafting and filing a reply brief on Kamshad's motion for summary judgment and arguing that motion in the Massachusetts District Court; (ii) drafting and filing six (6) motions *in limine*, (iii) drafting and filing oppositions to the SEC's motions *in limine*; (iv) preparing for trial; (v) engaging in settlement negotiations with the SEC's counsel; and (vi) attending a number of pre-trial and settlement conferences before the Honorable Edward F. Harrington.

9.     By the end of May 2007, Sheppard Mullin had prepared for trial, including but not limited to, conducting extensive research regarding all claims against Kamshad, the review of three (3) years of pleadings, thousands of pages of documents and thirty-four (34) deposition transcripts, and the review and preparation of all trial exhibits. The Claimant also prepared numerous briefs and appeared before Judge Harrington in the U.S. District Court in Boston four (4) times. Finally, Sheppard Mullin engaged in significant settlement discussions with the SEC and reached a settlement favorable to Kamshad. Indeed, upon information and belief, the Settlement Sheppard Mullin obtained for Kamshad was the lightest and least onerous ever agreed to by the SEC in any similar case.

10.    Sheppard Mullin's work for Kamshad in the Galvin Action focused on researching and analyzing the claims and remedies and engaging in settlement negotiations and conferences with the office of the Secretary of the Commonwealth of Massachusetts ("Galvin") which resulted in a settlement favorable to Kamshad.

11.    Sheppard Mullin's work for Kamshad in the MDL Litigation focused on reviewing and analyzing the various actions and drafting and filing motions for entry of final judgment.

-4-

12.     Sheppard Mullin's work for Kamshad in the Meyer Litigation focused on reviewing, researching, and analyzing the status of the case and various procedural issues. Thereafter, plaintiffs dismissed the Meyer Complaint after hearing about the settlement Sheppard Mullin obtained for Kamshad in the SEC matter.

13.     In the course of its representation of Kamshad, Sheppard Mullin sent monthly invoices to Putnam reflecting the reasonable fees and costs it incurred on behalf of Kamshad. At no time during the course of Sheppard Mullin's representation of Kamshad did he dispute the quality of Sheppard Mullin's work or the amount of time expended by Sheppard Mullin lawyers on any given issue or task. In fact, Kamshad expressed his satisfaction with Sheppard Mullin's work orally and in various emails to Mr. McGuire and other Sheppard Mullin attorneys.

14.     On or about April 2, 2007, Putnam affirmed that it had an advancement obligation with regard to Kamshad's legal fees, however, it stated that it disputed the amounts of certain invoices. McGuire Decl. Ex. G ("Putnam need only advance reasonable fees."). See also, McGuire Decl. Ex. H ("Putnam has never disputed that it is obligated to advance Mr. Kamshad's reasonable fees, which are subject to recapture. Putnam has a genuine dispute with you about the reasonableness of certain of the fees you have incurred on behalf of Mr. Kamshad.").

15.     In the interest of resolving the fee dispute and to protect its client's interests, Sheppard Mullin agreed to continue to prepare for trial and engage in settlement discussions with the SEC and with Galvin, and further agreed to continue work on the MDL and Meyer Litigations. As a result of the expertise, skill and services of Sheppard Mullin, the SEC, Galvin, and Kamshad reached settlements, disposing of the SEC and Galvin Actions, by Kamshad's payment of disgorgements and civil penalties totaling $470,066.00. On June 4, 2007, final judgment was entered by the Honorable Edward H. Harrington resolving the SEC Action, and a

final consent order was issued by Diane Young-Spitzer of Galvin's office resolving the Galvin

Action.

## B.     The Engagement Agreements

16.     Paragraph 2 of the Engagement Agreements governs Sheppard Mullin's

compensation, and defines its reimbursable Charges, in relevant part as follows:

> 2.     Fees and Charges.  Our fees are based on hours charged at
> scheduled rates that are periodically adjusted, generally as of the
> beginning of a calendar year.   Our scheduled hourly rates for
> attorneys range from $240 to $770, and we will endeavor to utilize,
> as much as appropriate, those attorneys with billing rates towards
> the lower end of this range.  In addition to fees, our statements
> include our actual costs (except as set forth in Attachment A) for
> fees of governmental agencies and disbursements and/or charges
> for third parties, the current schedule for which is set forth on
> Attachment A and which also is adjusted from time to time
> (collectively "Charges").  Our standard practice is to have certain
> charges for outside retained services such as court and deposition
> reporting and transcription services, expert witnesses, and other
> related services invoiced to You directly.  Except as set forth in
> Paragraph 3 below, this letter constitutes Your agreement to pay all
> such invoices prior to delinquency and to hold us harmless from its
> failure to do so.  Of course, to the extent such third party charges
> are paid directly by us they will be included in our statements.
> Statements are submitted monthly and are due and payable upon
> receipt.  You agree to notify us promptly in writing if You dispute
> any entry for legal services or charges on any statement.  In the
> absence of any written objection thereto within thirty (30) days of
> Your receipt of an invoice, You will be deemed to have accepted
> and acknowledged the invoice as correct through the period
> covered by the invoice.  Please understand that it is our policy to
> stop work on all matters we are handling for a client if any amount
> invoiced to such client is sixty (60) days or more past due.

See, e.g., McGuire Decl. Ex. B at ¶ 2.

Under these agreements, Kamshad was required to pay Sheppard Mullin's fees, billed on

an hourly basis per attorney assigned to the representation and due and payable upon Kamshad's

receipt of Sheppard Mullin's monthly statement or invoice.

17.     In recognition of Putnam's advancement obligation, the Engagement Agreements
provided that Putnam could pay Sheppard Mullin for its services to Kamshad. See, e.g.,
McGuire Decl., Ex. B at ¶ 3. However, this did not limit or negate Kamshad's ultimate
responsibility to pay for all fees and costs incurred by Sheppard Mullin in providing legal
services to him. Id. at 2.

## C.     The Dispute

18.     On or about April 18, 2007, Sheppard Mullin began invoicing Putnam for its legal
services to Kamshad.  On or about April 27, 2007, Putnam paid $250,000.00 to Sheppard Mullin.
Sheppard Mullin applied these funds to its outstanding invoices. Sheppard Mullin continued to
invoice Putnam during its period of engagement. However, Putnam failed to make any further
payments. In or about mid-June, Putnam informed Sheppard Mullin that Kamshad was and is
not entitled to advancement or indemnification and stated that any invoices for Sheppard
Mullin's representation of Kamshad should be sent to Kamshad directly. On or about June 21,
2007, Kamshad informed Sheppard Mullin that he had no legal obligation to pay said legal fees
and costs.

19.     To date, Kamshad has made *no payments* to Sheppard Mullin. Through July 10,
2007, Kamshad owed an outstanding balance of (i) $2,406,902.70 in regard to the SEC Action,
(ii) $6,935.50 in regard to the Galvin Action, (iii) $2,617.50 in regard to the MDL Litigation, and
(iv) $3,585.50 in regard to the Meyer Litigation, for a total of $2,420,041.20.

## DEMAND FOR RELIEF

20.     Plaintiff moves pursuant to Rules 64 and 65 of the Federal Rules of Civil
Procedure and the Convention for an attachment.

WHEREFORE, Plaintiff respectfully requests the following relief:

1.  That the Court restrain and attach, up to the total amount of

    $2,420,041.20:

    a.  Any and all Smith Barney bank accounts held in Kamshad's name; and

    b.  Any and all Putnam accounts held in Kamshad's name.


Dated: New York, New York
       July 11, 2007


Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:  _____
       Mark A. Berube

30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800 (Tel.)
(212) 332-3888 (Fax)
Attorneys *pro se*